IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-01343-RPM

BLACKFEET HOUSING,
THE ZUNI TRIBE,
ISLETA PUEBLO HOUSING AUTHORITY,
PUEBLO OF ACOMA HOUSING AUTHORITY,
ASSOCIATION OF VILLAGE COUNCIL PRESIDENTS REGIONAL HOUSING
AUTHORITY,
NORTHWEST INUPIAT HOUSING AUTHORITY,
BRISTOL BAY HOUSING AUTHORITY,
ALEUTIAN HOUSING AUTHORITY,
CHIPPEWA CREE HOUSING AUTHORITY, and
BIG PINE PAIUTE TRIBE,

       Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD),
SHAUN DONOVAN, Secretary of HUD,
DEBORAH A. HERNANDEZ, Assistant Secretary for Public and Indian Housing, and
DEBORAH LALANCETTE, Director, HUD's Office of Grants Management, National
Office of Native American Programs,

       Defendants.

_____

MEMORANDUM OPINION AND ORDER ON ISSUES PRESENTED IN THE
SPECIAL BRIEF OF PLAINTIFF BIG PINE PAIUTE TRIBE

_____

Plaintiff Big Pine Paiute Tribe (Big Pine) is a federally recognized Indian Tribe in

California and is authorized as a Tribally Designated Housing Entity (TDHE) to receive and

administer Indian Housing Block Grant (IHBG) funds awarded annually to the Tribe by the

United States Department of Housing and Urban Development (HUD). HUD is the federal

-1-

agency within the United States government designated to oversee and administer housing assistance to eligible Indian Tribes pursuant to the Native American Housing Assistance and Self-Determination Act (NAHASDA), 25 U.S.C. § 4101 *et seq*. The IHBG program and the formula for determining each Tribe's share of the annual NAHASDA appropriation are described in *Fort Peck Housing Authority v. HUD*, 435 F. Supp. 2d 1125, 1127-28 (D. Colo. 2006), *rev'd* 367 Fed. Appx. 884 (10th Cir. 2010) (unpublished), *cert. denied*, 131 S.Ct. 347 (2010).

Big Pine is one of the Plaintiffs in this civil action, one of several related actions pending in this court.

Legal issues common to all of the related actions have been determined in the Memorandum Opinion and Order dated August 31, 2012, in *Fort Peck Housing Authority v. HUD*, Civil Action No. 05-cv-00018-RPM. Big Pine has a discrete issue which has been fully briefed and argued. Big Pine claims that its IHBG allocations for fiscal years 2005, 2006 and 2007 violated the minimum funding requirements of 25 U.S.C. § 4152(d)(1)(A) and 24 C.F.R. § 1000.340(b).

25 U.S.C. § 4152(d)(1)(A) provides in pertinent part:

..., the formula shall provide that, if, in any fiscal year, the total amount made available for assistance under this chapter is equal to or greater than the total amount made available for fiscal year 1996 for assistance for the operation and modernization of public housing developed or operated pursuant to a contract between the Secretary and an Indian housing authority pursuant to the United States Housing Act of 1937 [42 U.S.C.A. § 1437 et seq.], the amount provided for such fiscal year for each Indian tribe for which such operating or modernization assistance was provided for fiscal year 1996 shall not be less than the total amount of such operating and modernization assistance provided for fiscal year 1996 for such tribe.

Thus, a tribe's annual grant generally must be at least the amount of assistance the tribe received

under the 1937 Housing Act for fiscal year (FY) 1996. That requirement is repeated in plainer language in 24 C.F.R. § 1000.340(b), which provides:

> If an Indian tribe is allocated less funding under the formula than an [Indian Housing Authority] received on its behalf in FY 1996 for operating subsidy and modernization, its grant is increased to the amount received in FY 1996 for operating subsidy and modernization. The remaining grants are adjusted to keep the allocation within available appropriations.

24 C.F.R. § 1000.340(b).

Big Pine's FY1996 base amount is $304,988.

For FYs 1998-2003, Big Pine received excess payment because it improperly included 24 ineligible units in its report of Formula Current Assisted Stock (FCAS).

By letter dated May 5, 2004, HUD informed Big Pine that the Tribe had received excess funding in the aggregate amount of $662,079 for FYs 1998-2003. (Defs.' RA-BPSB X at 002752).[1] By letter dated December 2, 2004, HUD informed Big Pine that HUD intended to implement a repayment plan by deducting $132,416 from Big Pine's grants in each of the next five years, starting in 2005. (Defs.' RA-PBSB Z at 002796-97).

Big Pine's counsel responded to HUD in a letter dated December 21, 2004, stating that "[t]he Tribe understands that HUD will begin recapturing funds beginning with its 2005 IHBG." (Defs.' RA-BPSB AA at 2803-2804). Big Pine's counsel indicated that the Tribe disagreed with HUD's calculation of the amount due and "will gather data for presentation to your office and to reduce the amount allegedly owed." (*Id.*) There were subsequent communications between Big

---

[1]Defs.' RA-BPSB refers to Defendants' Record Appendix for the Big Pine Special Brief. Those exhibits are attachments to the Defendants' response to Big Pine's Special Brief. (Dkt. #70 and #71).

Pine and HUD regarding the Tribe's FCAS inventory, but Big Pine did not present any data disputing HUD's calculation of the excess payment.

On January 14, 2005, HUD issued Big Pine's final allocation of the FY 2005 appropriation. Big Pine was allotted $161,850 for FCAS and $86,070 for need, with an upward adjustment to reach the 1996 base year amount of $304,988. From that amount, HUD deducted $132,416 for repayment of grant overfunding in fiscal years 1998-2003, resulting in a grant to Big Pine in the amount of $172,572 for FY 2005. (Defs.' RA-BPSB BB at 02805).

For FY 2006, Big Pine was allotted $198,313 for FCAS and $106,675 for need, with an upward adjustment to achieve the 1996 base year amount of $304,988. (Defs.' RA-BPSB DD at 002820). From that amount HUD deducted $132,416 for repayment of grant overfunding in fiscal years 1998-2003, resulting in a grant to Big Pine in the amount of $172,572 for FY 2006. (*Id.*)

For FY 2007, Big Pine was allotted $204,283 for FCAS and $100,705 for need, with an upward adjustment to achieve the 1996 base year amount of $304,988. (Defs.' RA-BPSB GG at 002820). From that amount HUD deducted $132,416 for repayment of grant overfunding in fiscal years 1998-2003, resulting in a grant to Big Pine of $172,572 for FY 2007. (*Id.*)

On June 26, 2007, Big Pine joined this action, claiming, *inter alia*, that HUD violated 25 U.S.C. § 4152(d)(1)(A) and 24 C.F.R. § 1000.340(b) by funding Big Pine below the statutory minimum. Pursuant to a Stipulation Providing Preliminary Relief dated March 5, 2008 (Civil Action No. 07-cv-01343, Dkt. #23), HUD agreed it will not make more deductions for overpayment during the pendency of this litigation.

Big Pine's Special Brief requests "a declaratory judgment that HUD's action in recapturing the funding ... for FYs 2005 through 2007 was unlawful, and that any action recapturing additional funding is also unlawful to the extent it will cause Plaintiff Big Pine to receive less funding than the minimum it was entitled to under Section 4152(d) and 24 C.F.R. § 1000.340 for each fiscal year, together with such equitable relief as is necessary to require HUD to comply with the court's judgment." (Big Pine's Special Brief, dkt. #64, at p. 2).

The unambiguous language of 25 U.S.C. §4152(d) requires that a recipient's grant be not less than the total amount of assistance provided to such tribe for fiscal year 1996.  The deductions from the base amount to recapture the overpayments are contrary to the statute.

There is no merit to HUD's suggestion that Big Pine's claim is precluded because Big Pine's letter dated December 21, 2004, stated that the Tribe understood HUD would begin recapturing funds in 2005. HUD has not pleaded or articulated a defense of estoppel or waiver.

Big Pine's claim is not precluded by failure to exhaust administrative remedies. HUD's letter dated May 5, 2004 informed Big Pine:  "Should you disagree with this decision, you have the right to appeal in accordance with 24 CFR 1000.336(b)(1) and the appeal process outlined in § 1000.118." (Defs.' RA-BPSB X at 002752). During the relevant time period the administrative review process described in those regulations did not encompass FCAS disputes. It is therefore

ORDERED that Defendant HUD violated 25 U.S.C. § 4152(d) and 24 C.F.R. § 1000.340 by withholding amounts from Plaintiff Big Pine Paiute Tribe's Indian Housing Block Grants for fiscal years 2005, 2006 and 2007, and it is

FURTHER ORDERED that the Defendants are prohibited from any further withholding from Plaintiff Big Pine Paiute Tribe's Indian Housing Block Grant award to the extent such withholding would reduce Big Pine Paiute Tribe's annual grant to less than $304,988.

Dated:  August 31, 2012

BY THE COURT:

s/ Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge