IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-01343-RPM

BLACKFEET HOUSING,
THE ZUNI TRIBE,
ISLETA PUEBLO HOUSING AUTHORITY,
PUEBLO OF ACOMA HOUSING AUTHORITY,
ASSOCIATION OF VILLAGE COUNCIL PRESIDENTS REGIONAL HOUSING
AUTHORITY,
NORTHWEST INUPIAT HOUSING AUTHORITY,
BRISTOL BAY HOUSING AUTHORITY,
ALEUTIAN HOUSING AUTHORITY,
CHIPPEWA CREE HOUSING AUTHORITY, and
BIG PINE PAIUTE TRIBE,

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD),
SHAUN DONOVAN, Secretary of HUD,
DEBORAH A. HERNANDEZ, Assistant Secretary for Public and Indian Housing, and
GLENDA GREEN, Director, HUD's Office of Grants Management, National
Office of Native American Programs, Department of Housing and Urban Development, Office of
Public and Indian Housing,

        Defendants.

_____

FINDINGS, CONCLUSIONS AND ORDER FOR FINAL JUDGMENT

_____

        Pursuant to this Court's Memorandum Opinions and Orders dated August 31, 2012 and

March 7, 2014, and the following findings and conclusions, the Plaintiffs are entitled to

declaratory and injunctive relief as described below.

This civil action arises under Administrative Procedure Act, 5 U.S.C. § 701 et seq. ("APA"), and the Native American Housing Assistance and Self-Determination Act ("NAHASDA"), 25 U.S.C. § 4101 et seq.  The issues presented are governed by the version of NAHASDA that existed before it was amended by the Native American Housing Assistance and Self-Determination Reauthorization Act of 2008, Pub. L. No. 110-411, 122 Stat. 4319 (2008).

Jurisdiction is provided by the APA and by 28 U.S.C. §§ 1331, 1346 and 1362.  The Court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. § 2201 and jurisdiction to grant injunctive relief pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 2202.

The Administrative Record was filed on October 11, 2007.  This action has proceeded on a coordinated basis with the other similar actions, with rounds of briefing on common legal issues.

In Opinions and Orders dated August 31, 2012, and March 7, 2014, this Court held that HUD's recapture of Indian Housing Block Grant ("IHBG") grant funds without first providing the administrative hearing required by NAHASDA was arbitrary, illegal and in contravention of the pre-amendment versions of 25 U.S.C. §§ 4161 and 4165; that HUD must restore to the Plaintiffs all funds that were illegally recaptured for fiscal years through and including FY 2008, and that HUD must refrain from threatening recapture or acting upon any threatened recapture with respect to grant funds awarded for any fiscal year through fiscal year 2008.[1]  In an opinion and order dated August 31, 2012, the Court also addressed issues unique to Plaintiff Big Pine Paiute Tribe.

---

[1]The Opinions and Orders dated August 31, 2012 and March 7, 2014 in *Fort Peck Housing Authority v. HUD et al.*, Civil Action No. 05-cv-00018-RPM, were made applicable in this civil action on those same dates.

The Court's Order dated March 7, 2014, required the Plaintiffs to submit a proposed form of judgment specifying the amount HUD must pay to each Plaintiff and the sources of such payment.  The order also stated:  "For any plaintiff who claims entitlement to payment for underfunding because HUD excluded units from that plaintiff's FCAS in a particular fiscal year, the proposed form of judgment should include a separate itemization for those amounts and may be submitted by May 15, 2014.  An Appendix may be provided to explain the calculation of the amount owed and the record support for the claim."

On March 26, 2014, HUD moved for an order establishing a briefing schedule, arguing that the Plaintiffs had not adequately identified the challenged agency actions and that additional briefing was necessary before entry of final judgment.  The Plaintiffs opposed HUD's motion and filed their proposed judgment on June 3, 2014.  HUD's reply in support of its motion for scheduling order included objections to the Plaintiffs' proposed judgment.  Among other issues, HUD disputed some of the Plaintiffs' statements of the amounts HUD had actually recaptured from them.

At a hearing on September 22, 2014, the Court directed HUD to provide the Plaintiffs with the financial documents that confirm the recapture amounts.  HUD complied with that order, and Plaintiffs have verified the accuracy of HUD's evidence of the amounts actually recaptured.  There is no ongoing dispute about the amounts of the challenged recaptures.  Accordingly, on November 26, 2014, the ten Plaintiffs submitted an amended proposed judgment, seeking the following amounts for restoration of grant funding that HUD recaptured illegally:

Blackfeet Housing – $575,510.00;

The Zuni Tribe – $1,498,090.00;

Isleta Pueblo Housing Authority –  $121,285.00;

Pueblo of Acoma Housing Authority – $56,106.00;

Association of Village Council Presidents Regional Housing Authority  –

$1,402,062.00;

Northwest Inupiat Housing Authority – $1,656,043.00;

Bristol Bay Housing Authority – $230,145.00;

Aleutian Housing Authority – $145,089.00;

Chippewa Cree Housing Authority – $656,200.00, and

Big Pine Paiute Tribe – $264,832.00.

The Plaintiffs seek restoration of those amounts from all available sources, including but not limited to, those funds set aside pursuant to the stipulation dated March 5, 2008, which was approved by court order on March 17, 2008 (docketed March 18, 2008, #30).  According to that stipulation and order, HUD set aside IHBG funds from fiscal year 2008 funds "so that the funds will be available if the Court subsequently orders HUD to provide them for the Plaintiffs under federal law."

HUD continues to dispute its obligation to return the recaptured funds, arguing that the Plaintiffs have failed to show that they were prejudiced by the lack of an administrative hearing. That argument fails.  As explained in this Court's prior Memorandum Opinions and Orders, HUD had no authority to recapture previously awarded grant funds without observing the procedural protections provided to the Tribes by the NAHASDA regulatory scheme.  It was

incumbent upon HUD to follow the NAHASDA's procedural requirements, and the agency's failure to do so was itself prejudicial.

HUD also contends that the application of the limitations period provided by 28 U.S.C. § 2401(a) precludes recovery of $1,340,126 of the total amount claimed by Plaintiff Association of Village Council Presidents Regional Housing Authority ("AVCP"). HUD argues that the accrual date is the date when HUD notified the Tribe of its decision to seek repayment of the alleged grant overfunding. That argument is rejected. The accrual date is the date of recapture. *See, e.g., Lummi Tribe of Lummi Reservation v. United States*, 99 Fed. Cl. 584, 606, n.20 (Fed. Cl. 2011) ("[P]laintiffs' cause of action ... did not accrue until plaintiffs received grant funds in that year in an amount less than that to which they allegedly were entitled.")

In sum, each Plaintiff is entitled to restoration of the entire amount that HUD recaptured from it, as identified in the Plaintiffs' amended proposed judgment.

The Plaintiffs are also entitled to injunctive relief prohibiting HUD from acting upon any threatened recapture or implementing any recovery of funds granted for fiscal years 1998 through 2008 without first complying with the requirements of Section 401(a) of the NAHASDA as that subsection existed prior to the effective date of Public Law 110-411.

Six Plaintiffs (Blackfeet Housing, the Zuni Tribe, Isleta Pueblo Housing Authority, Pueblo of Acoma Housing Authority, AVCP, and Chippewa Cree Housing Authority) seek additional monetary relief for grant underfunding for certain homeownership units, stating that such units continued under the Tribe's operation after HUD eliminated the units from the Tribe's FCAS. Three Plaintiffs (Blackfeet Housing, Pueblo of Acoma Housing Authority and Aleutian

Housing Authority) also seek payment for grant underfunding for certain units that they state were converted from homeownership units to low rent units.

The Plaintiffs' requests for payment of alleged grant underfunding for "operated units" and "converted units" are rejected.  The Plaintiffs' factual support for those categories of requested relief consists of extra-record information that HUD did not consider during the underlying administrative process.  Consequently, the Court's APA jurisdiction does not include authority to determine whether any Plaintiffs are in fact entitled to ongoing funding for the units they describe as "operated units" and "converted units."

The findings and conclusions set forth above resolve the issues presented by the Defendants' motion for scheduling order.

Based on the foregoing, it is

ORDERED that the Defendants' motion for scheduling order [#106] is moot; and it is

FURTHER ORDERED that the Defendants shall restore the following amounts to the Plaintiffs for Indian Housing Block Grant ("IHBG") funds that were illegally recaptured from the them:

Blackfeet Housing – $575,510.00;

The Zuni Tribe – $1,498,090.00;

Isleta Pueblo Housing Authority –  $121,285.00;

Pueblo of Acoma Housing Authority – $56,106.00;

Association of Village Council Presidents Regional Housing Authority  –

$1,402,062.00;

Northwest Inupiat Housing Authority – $1,656,043.00;

Bristol Bay Housing Authority – $230,145.00;

Aleutian Housing Authority – $145,089.00;

Chippewa Cree Housing Authority – $656,200.00, and

Big Pine Paiute Tribe – $264,832.00.

Such restoration shall be in addition to the full IHBG allocation that would otherwise be due to the Plaintiffs under the Native American Housing Assistance and Self-Determination Act ("NAHASDA") in a given fiscal year as calculated without application of the amount of the Judgment; it is

FURTHER ORDERED that the Defendants shall make restoration of the IHBG funds from all available sources, including the funds set aside for the benefit of the Plaintiffs pursuant this Court's Order dated March 17, 2008, and either or both of the IHBG funds carried-forward from previous fiscal years and the IHBG funds appropriated in future grant years; it is

FURTHER ORDERED that restoration by transfer of grant funds from amounts set aside for the Plaintiffs pursuant to this Court's order dated March 17, 2008 shall occur within thirty (30) days of the date of Judgment, and restoration of any remaining amounts shall be completed as soon as administratively feasible, but in no event later than eighteen (18) months from the date of Judgment; it is

FURTHER ORDERED that with respect to grant funding for those fiscal years from FY 1997 through and including FY 2008, the Defendants shall refrain from threatening to or implementing any recapture of IHBG funds from the Plaintiffs and shall not act upon any threatened recapture without first complying with the requirements of Section 401(a) of the

NAHASDA [25 U.S.C. § 4161(a)] as that subsection existed prior to the effective date of Public Law 110-411, and it is

FURTHER ORDERED that the Plaintiffs are awarded their costs to be taxed upon the filing of a Bill of Costs pursuant to D.C.COLO.LCivR 54.1.

A separate Judgment shall enter for each Plaintiff.

Dated:  January 16, 2015

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior Judge